## TUTTLE and others *v.* LOOMIS and others.

*(Circuit Court, N. D. New York.* January 2, 1885.)

PATENTS FOR INVENTIONS—REISSUE—LACHES.

    No amendment can be imported into a reissue to effect a broadening of a claim in the original patent, after a lapse of eight years, in the absence of very special circumstances. *Mahn* v. *Harwood,* 5 Sup. Ct. Rep. 174, followed.

In Equity.

*Duell & Hey* and *M. D. Leggett,* for complainants.

*N. H. Stewart* and *John R. Bennett,* for defendants.

WALLACE, J. All the questions involved here have been decided in favor of the complainants in suits upon these patents; first by Judges DRUMMOND and GRESHAM, in the circuit court of the district of Indiana, and again by Justice MATTHEWS and Judge DYER, in the circuit court for the Western district of Michigan. Not only were these complainants the complainants of record in those suits, but the defendants in those suits were closely identified with the present defendants, although not in such sense privies as to effect an estoppel. In view of these decisions I ought not to consider the questions now presented as open. Upon the question of the validity of the reissue, however, my impressions are so strongly against the complainants that I am unwilling to direct a decree in their favor until the rehearing upon that question now pending in the Western district of Michigan has been had, and a decision reached by the court. When the former decisions were made, the law upon the subject of reissues was generally recognized as conferring broader powers upon the commissioner of patents, and as authorizing a wider latitude in modifying the claims of original patents than has since been declared to be the rule by the decisions of the supreme court.

Carver's original patent described spring harrow-teeth of such form that when attached to the under side of the harrow-bar the teeth would curve back over the bar and extend to the ground below the under side of the harrow-frame, with their points inclining forward. The claim covered such teeth. It is obvious that all the functions of such teeth could be obtained without adhering to the precise form and mode of attachment specified by Carver; and, assuming that he was the pioneer in the invention of spring harrow-teeth, he was entitled to a broader claim than he made. Whether he described in his original patent just the invention he supposed he had made, or whether his invention was really a broader one than he himself supposed it to be, when it became apparent that the real invention was unduly restricted and narrowed by the description, he was entitled to a reissue if the error arose from inadvertence, accident, or mistake. After the lapse of eight years, however, no amendment could be imported into the reissue to effect a broadening of the claim of the original, in the

absence of very special circumstances. *Mahn* v. *Harwood*, 5 Sup. Ct. Rep. 174. The specification here was very plain and free from complexity, and no special circumstances exist to take the case out of the general rule. It seems to have been the purpose of the first reissue to eliminate some of the details of form and arrangement which were imported as a part of the description into the claim of the original patent. The description is amended by the statement that—

"The size and shape of the teeth may be varied considerably without departing from the principle of my invention, which contemplates, broadly, a harrow provided with teeth fastened at one end of the frame, but so formed between the point of attachment to the frame and the point of contact with the ground that it will spring or yield so as to pass over lumps or obstacles without injury to the tooth itself, and without disturbing the operation of the other teeth of the harrow."

The claims are modified so as to cover the invention thus described. But in the second reissue all reference to such details in essentials is omitted, in order to prepare the way for broad claims which will embrace any harrow having two or more series of spring-teeth, and any harrow-tooth which "embodies the principle" of Carver's tooth. The drawings are referred to as embodying the principle of the invention, and the parts shown by the drawings are described. The specification is amended by the statement that the inventor was the first to have produced a harrow wherein the harrow-frame is supported on two or more series of spring-teeth which are adapted to yield to an unlimited extent when in use. When the several claims of the reissue are read with the specification as amended, there does not seem to be one which restricts the scope of the patent to a spring-tooth fastened to the under side of the bar, and curving back over the bar. All the claims of this reissue, except the third and fourth, are on their face much broader than the claim of the original, or for a different invention than is disclosed in the original. The third claim, read with the specification, is not limited to a spring-tooth curving back over the bar of the frame, or fastened to the lower side of the bar, nor is the fourth. It seems to me that these claims are broader than the claim of the original, by proper construction, although they are not in express terms.

In view of the lapse of time between the original and the reissue in suit, the inventor abandoned to the public all that he described and did not claim in his original patent. I have not considered the question whether this expansion of the claims was made in order to embrace in the monopoly of the patentee the harrows or harrow-teeth made subsequently to the original patent by others. For these reasons I am unwilling to decree for the complainants, unless, upon the review pending in the circuit court for the Western district of Michigan, that court should adhere to its original judgment. It is but just to the complainants to state that their counsel have not been fully heard. And one reason why I deemed it proper to curtail their argu-

ment was because the decision of the question involved more properly belongs to the circuit court of the Western district of Michigan, and the action of that court should not be forestalled by a decision here on full consideration.